# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| JACOB RICE, | ) |
|     *Plaintiff*, | ) Case No. 2:20-cv-16 |
| | ) |
| v. | ) Judge Travis R. McDonough |
| | ) |
| NORTHEAST CORRECTIONAL COMPLEX, BERT BOYD, SGT. COPELAND, C.O. BROCK, and ROGER BAILEY, | ) Magistrate Judge Cynthia R. Wyrick |
|     *Defendants*. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of Plaintiff's complaint, brought *pro se* under 42 U.S.C. § 1983 (Doc. 2) and his motion for leave to proceed *in forma pauperis* (Doc. 1).

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 1) will be **GRANTED**.

Because Plaintiff is an inmate at the Northeast Correctional Complex, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the

custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee.  This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.  The Clerk will also be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.     SCREENING

### A.     Plaintiff's Allegations

Plaintiff alleges the following in his complaint.  (*See generally* Doc. 2.)  On September 29, 2019, Plaintiff was stabbed by gang members in Unit 8 at the Northeast Correctional Complex ("NECX") with a corrections officer present.  (*Id.* at 3–4.)  Unit Manager Roger Bailey, Sergeant Copeland, and Warden Bert Boyd had knowledge that the Memphis Mob "was brewing trouble with another affiliate group," but Defendants never took measures to deter the rising conflict.  (*Id*. at 4.)  Gang violence "has erupted" at NECX in the previous year, and the members of the same gang had been involved in stabbings the previous day.  (*Id*.)  Despite the increase in gang violence, corrections officials nonetheless allowed the group "to continue their ongoing terroristic acts."  (*Id*.)

On the day of Plaintiff's assault, Corrections Officer Brock "saw the tension" but failed to intervene, and Sergeant Copeland knew of the tension and failed to take any preventative

measures to quell the disturbances or ensure inmate safety. (*Id.*)  It was only after Plaintiff was stabbed that any corrective measures were taken. (*Id.*)  Plaintiff seeks monetary damages for Defendants' alleged failure to protect him. (*Id*. at 5.)

**B.     Screening Standard**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however.  *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law.  *Braley v. City of Pontiac*,

3

906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

C.  Analysis

Plaintiff does not indicate whether he is suing Defendants in their individual capacities, official capacities, or both.  Out of an abundance of caution, the Court construes Plaintiff's complaint to raise allegations against Defendants in both their official and individual capacities.

1.  **Official-Capacity Allegations**

A suit against a defendant in his or her official capacity is treated as an action against the governmental entity the officer represents.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992).  In an action against an officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993).  Therefore, Plaintiff's claim against Defendants in their official capacities as employees of the Tennessee Department of Correction is actually asserted against the State of Tennessee.

Under the Eleventh Amendment to the United States Constitution, a State is immune from actions for damages unless its immunity has been abrogated by Congress or expressly waived by the State.  U.S. Const. Amend XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 320–45 (1979).  At all relevant times, Defendants were State employees as defined under Tennessee statutory law, because they were officials "employed in the service of and whose compensation is payable by the [S]tate." Tenn. Code Ann. § 8-42-101(3)(A).  Tennessee has not waived its immunity.  *See Berndt v. State of*

*Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Accordingly, Plaintiff cannot recover monetary damages against Defendants in their official capacities. *See id*. Therefore, NECX will be **DISMISSED** from this action, and all claims against Defendants Boyd, Copeland, Brock, and Bailey in their official capacities will likewise be **DISMISSED**.

2.  **Individual-Capacity Allegations**

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). Liability attaches to an officer's failure to protect an inmate only if the inmate demonstrates that he was "incarcerated under conditions posing a substantial risk of serious harm," and that the prison officials acted with deliberate indifference to the inmate's safety. *Id*. at 834. A prisoner plaintiff cannot show that a prison official showed deliberate indifference unless he can show that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety;" indeed, the official must have been aware of facts giving rise to an inference that a substantial risk of serious harm existed, and he must have drawn that inference. *Id*. at 837.

Under this standard, an inmate plaintiff pursuing a claim for defendants' failure to protect him from harm may prove his claim by showing that the defendants knew of a threat to him but failed to take measures to protect him from it. *Id*. at 843. This threat does not necessarily need to be specific to the individual plaintiff; the Eighth Amendment is violated by "confinement in an institution where violence and terror reign." *Grubbs v. Bradley*, 552 F. Supp. 1052, 1123 (M.D. Tenn. 1982) (citation omitted). Such a situation arises in a prison where officials permit violent offenders to hold sway over part or all of the facility, thus creating a pervasive risk of harm that officials failed to take reasonable measures to prevent. *See Farmer*, 511 U.S. at 842–

5

43. In such circumstances, "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Id*. at 843.

In this case, Plaintiff has alleged that Defendants were aware of an eruption of gang violence at NECX and failed to take measures to curb the outbreaks of violence. Plaintiff contends that he was stabbed due to Defendants' failure to take preventative measures to ensure inmate safety. Therefore, at this stage of the proceedings, the Court finds that Plaintiff has plausibly alleged a § 1983 claim that the individual Defendants named in this lawsuit failed to protect him from a known and/or obvious harm. Accordingly, this case should **PROCEED** as to Defendants Boyd, Copeland, Brock, and Bailey in their individual capacities.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff's claim that Defendants Bert Boyd, Sgt. Copeland, Correctional Officer Brock, and Unit Manager Roger Bailey failed to protect him from a known risk of harm shall **PROCEED**;

6. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Boyd, Copeland, Brock, and Bailey;

7. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within thirty (30) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Federal Rule of Civil Procedure 4;

8. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders pursuant to Federal Rule of Civil Procedure 41(b);

9. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

10. Defendant Northeast Correctional Complex is **DISMISSED**;

11. Plaintiff's claim against Defendants in their official capacities is **DISMISSED**; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a *pro se* party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

> */s/ Travis R. McDonough*
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**