UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVLLE

| | | |
|---|---|---|
| JACOB RICE, | ) | |
| | ) | Case No. 2:20-cv-16 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| BERT BOYD, SGT. COPELAND, ROGER BAILEY, and C.O. REECE, | ) ) ) | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jacob Rice initiated this pro se prisoner's action for violation of 42 U.S.C. § 1983 by filing a Complaint against Defendants in January 2020 [Doc. 2]. At the time he initiated this action, Plaintiff was in custody of the Tennessee Department of Correction ("TDOC") and housed at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee [*Id*. at 3].

Throughout the litigation of this action, Plaintiff has been repeatedly cautioned that failure to update the Court and Defendants of any change in his address within fourteen (14) days could result in the dismissal of this action [*See, e.g.*, Doc. 3; Doc. 5 p. 7; Doc. 15 p. 2; Doc. 23 p. 2; Doc. 24 p. 1-2; Doc. 29 p. 2-3; Doc. 37 p. 2]. Despite these repeated warnings, the last Order mailed to Plaintiff was returned to the Court on June 14, 2021 with a notation that Plaintiff is no longer at NECX [Doc. 51]. The Court's subsequent search of TDOC's online inmate database yielded that Plaintiff was released from TDOC custody on June 2, 2021. *See* Tenn. Dep't of Corr. Felony Offender Information Search, https://apps.tn.gov/foil-app/search.jsp (last accessed

July 12, 2021). Plaintiff has not updated his address with the Court. When he filed his Complaint, Plaintiff did not provide the Court with a permanent address [Doc. 2 p. 3]. Accordingly, the Court is without a means to communicate with Plaintiff.

Rule 41(b) gives this Court the authority to dismiss a case for failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Plaintiff has not contacted the Court since requesting a status update in November 2020 [Doc. 39]. Further, Plaintiff has willfully failed to update his address despite numerous warnings, and Defendants have been prejudiced by being required to litigate this matter despite Plaintiff's failure to prosecute. Moreover, the Court finds alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions and his whereabouts are unknown. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).

Nothing about Plaintiff's pro se status prevented him from complying with the Court's orders, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action is **DISMISSED** for want of prosecution pursuant to Rule 41(b), and all pending motions are **DISMISSED** as moot. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**